IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRENT STEVEN SHERMAN, SR.,<br><br>        Petitioner,<br><br>    v.<br><br>EDWARD F. REILLY, JR.,<br>Chairman, U.S. PAROLE<br>COMMISSION, and CHARLES<br>DANIELS, Warden, FEDERAL<br>DETENTION CENTER, Sheridan,<br>Oregon,<br>        Respondents. | Civ. No. 05-1252-PA<br><br><br><br>**ORDER** |

**PANNER, J.**

Brent Steven Sherman, Sr. brings this petition for habeas relief under 28 U.S.C. § 2241, contending that the United States Parole Commission improperly revoked his parole.

Petitioner now files a "Second Unopposed Emergency Motion for Personal Recognizance Release." I deny the motion.

### BACKGROUND

On August 7, 2006, the third amended petition was filed. On

1 - ORDER

August 8, 2006, this court issued a scheduling order, requiring that respondents show cause within twenty days of being served why the relief prayed for should not be granted. On August 10, 2006, respondents were served with the third amended petition.

On August 15, 2006, petitioner filed the second unopposed emergency motion for personal recognizance relief. In support of the motion, petitioner contends that he has shown a high probability of success.

## STANDARDS

"When an action pending in a United States court seeks release from what is claimed to be illegal detention, the court's jurisdiction to order release as a final disposition of the action includes an inherent power to grant relief pendente lite, to grant bail or release pending determination of the merits." Baker v. Sard, 420 F.2d 1342, 1343 (D.C. Cir. 1969). To justify release pending the resolution of a habeas petition, a petitioner must show exceptional circumstances. See United States v. Bell, 820 F.2d 980, 981 (9th Cir. 1987) (standards for granting bail pending appeal from revocation of probation). "Examples of exceptional circumstances include: (1) raising substantial claims upon which the appellant has a high probability of success; (2) a serious deterioration of health while incarcerated; and (3) any unusual delay in the processing of the appeal." Id. (citing United States v. Lacy, 643 F.2d 284, 285 (5th Cir. 1981) (per

curiam)).

## DISCUSSION

The briefing schedule requires that respondents show cause within twenty days of service why petitioner should not be released. Petitioner has not pointed to any exceptional circumstances that would justify his release before this court addresses the merits of his petition.

Petitioner cites Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998). There, the Seventh Circuit granted a habeas petitioner's request for interim relief, and ordered that the petitioner's parole supervision be terminated. In Valona, however, it was undisputed that the Parole Commission had violated a statutory requirement to review the petitioner's status within five years of his release. Here, the legality of petitioner's custody is disputed. Petitioner has not shown a high probability of success justifying release.

## CONCLUSION

Petitioner's second unopposed emergency motion for personal recognizance relief (# 48 ) is denied.

DATED this 21 day of August, 2006.

_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE