FILED'07 MAR 28 14:58USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENT SHERMAN, SR.,          )
                             )
              Petitioner,    )  Civ. No. 05-1252-PA
                             )
     v.                      )
                             )
EDWARD F. REILLY, JR.,       )  **ORDER**
Chairman, U.S. PAROLE        )
COMMISSION, and CHARLES      )
DANIELS, Warden, FEDERAL     )
DETENTION CENTER, Sheridan,  )
Oregon,                      )
              Respondents.   )

**PANNER, J.**

    Brent Sherman, Sr. brings this petition pro se for habeas

relief under 28 U.S.C. § 2241 against respondents Edward F.

Reilly, Jr., chairman, U.S. Parole Commission; and Charles

Daniels, warden, Federal Detention Center, Sheridan, Oregon.

    I dismiss the petition.

### BACKGROUND

    In January 1982, a federal district judge in the Eastern

1 - ORDER

District of California sentenced petitioner to 40 years'
imprisonment for 2 counts of bank robbery and 5 years'
imprisonment for failure to appear.  In April 1982, the court
reduced the sentences to 20 years and 1 year.

In September 1985, petitioner escaped from federal custody.
A few days later, petitioner robbed a bank in Medford, Oregon.
When he was arrested shortly after the robbery, petitioner had a
sawed-off shotgun and more than $24,000 cash.  In March 1986,
petitioner was sentenced in this district to 20 years for armed
bank robbery and 5 years for escape.

In May 1993, petitioner was paroled.  In October 1995, the
United States Parole Commission revoked petitioner's parole,
citing  possession of a controlled substance, extortion, and
unlawful use of a weapon.

In August 1999, petitioner was paroled.  The full term date
on petitioner's cumulative sentences was November 2015.

In August 2001, petitioner's parole officer recommended that
petitioner be continued under parole supervision.  The parole
officer reported that in May 2000, petitioner had been accused of
raping a woman, but the district attorney declined to bring
charges for lack of evidence.

Petitioner states that the alleged rape victim was his
former girlfriend and business partner, and that the sex act at
issue was consensual.  Petitioner states that the woman owed him

2 - ORDER

$20,000.

The parole officer also reported that in May 2000, the FBI had investigated petitioner for offering avionics equipment for sale on the internet, taking payments from prospective buyers, and then failing to deliver the equipment. The U.S. Attorney chose not to pursue charges because of the relatively small amounts lost and lack of evidence. Petitioner reached an agreement with the FBI to reimburse his customers.

In October 2001, petitioner's parole officer again recommended that petitioner be continued on parole supervision. The parole officer reported that petitioner was working as an internet manager for a car dealership. Petitioner previously sold cars at Best Buy Auto Wholesale.

The parole officer stated that the Oregon Attorney General's Office was investigating numerous customer complaints about petitioner. In 2002, petitioner sold several cars but failed to timely deliver titles to the purchasers. Petitioner also allegedly wrote a bad check for more than $11,000 to pay the balance of the loan for a consigned car.

In June 2004, petitioner agreed with the Oregon Attorney General's office to pay restitution to customers who lost money because of his conduct.

In November 2004, the U.S. Parole Commission (Commission) issued an arrest warrant for petitioner. The arrest warrant

3 - ORDER

alleged that petitioner had violated the conditions of parole by committing sexual assault and fraud. The warrant alleged fraud losses of about $27,000.

On December 14, 2004, petitioner was arrested. On December 22, 2004, the Commission issued a supplement to the arrest warrant, raising the total alleged fraud losses to $38,383.

On January 4, 2005, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Sherman v. Reilly, Civ. No. 05-08-RE (D. Or.). In that action, petitioner sought to quash the Commission's arrest warrant and to be released immediately from custody.

On February 10, 2005, a U.S. probation officer gave petitioner a preliminary interview. Petitioner denied committing sexual misconduct or fraud. The probation officer recommended that the Commission find no probable cause on the sexual assault charge and find probable cause on the fraud charge.

On March 18, 2005, a U.S. Parole Commissioner found probable cause to believe that petitioner had violated his parole on the charges for fraud and sexual assault.

On April 6, 2005, Judge Redden dismissed petitioner's petition. Sherman v. Reilly, 364 F. Supp. 2d 1216 (D. Or. 2005). Petitioner filed a timely notice of appeal.

By letter dated April 7, 2005, the Commission notified petitioner's attorney that the Commission had set a combined

4 - ORDER

parole termination and revocation hearing on April 19, 2005.

On April 20, 2005, at the request of petitioner's attorney, the Commission rescheduled the hearing for May 11, 2005.

On May 11, 2005, a hearing examiner held the combined hearing on parole revocation and early termination.  The hearing examiner questioned two detectives who had investigated the rape allegations against petitioner.  Despite a subpoena, petitioner's alleged victim did not appear.  The hearing examiner found insufficient evidence to make a finding on the rape charge.

Petitioner contended that he did not intend to defraud any of his customers and that the losses were no more than $10,885. The hearing examiner found that petitioner had committed fraud, causing a total of $38,383 in losses.

After the hearing, the hearing examiner recommended that petitioner's parole be revoked based on the fraud allegation. Because of petitioner's history and the amount of the fraud losses, petitioner's parole revocation guideline range was 24-32 months.  The hearing examiner recommended a downward departure to 12 months in prison and 4 months in a community corrections center because petitioner had been paying restitution under his agreement with the state Attorney General.

A U.S. Parole Commissioner agreed with the recommendation to continue petitioner on supervision.  On June 2, 2005, the Commission issued a notice of action, continuing petitioner on

supervision.  The Commissioner also agreed that petitioner's
parole should be revoked and that petitioner should receive
credit for time spent on parole.

However, the Commission deferred a decision on release
pending further consideration of the rape charge.  On June 29,
2005, the Commission remanded for a continued hearing on the rape
charge and ordered that a new subpoena, with a new address, be
issued for the alleged victim to appear.

On August 12, 2005, petitioner filed the current action.
Petitioner seeks to terminate further supervision, and immediate
release from custody.

On December 7, 2005, the Commission held a hearing.  The
alleged rape victim again failed to appear at the hearing despite
a subpoena.  The hearing officer recommended no adverse finding
on the rape charge, and agreed with the previous recommendation
that petitioner receive a downward departure to 12 months'
custody, which would have meant a release date of December 13,
2005.  The hearing officer stated, however, that he would
recommend postponing release for up to 60 days to arrange for
placement at a community corrections center.  Petitioner objected
to delaying his release, contending that the Commission should
have held a hearing sooner.

After the hearing, however, the examiner recalculated the
amount of fraud from $38,383 to $53,368 based on further review

of the evidence.  This raised the guideline range from 24-32
months to 34-44 months.  The examiner stated that no rehearing on
the increased amount was necessary because petitioner denied
committing fraud at all, contending that he had made bad business
decisions.  The examiner recommended 34 months' custody and
return to parole.

On January 3, 2006, the Commission issued a notice of
action.  The Commission found that the fraud loss was more than
$40,000, resulting in a sentencing range of 34-44 months.  The
Commission made no findings on the rape charge, citing the
failure of the alleged victim to appear.  The Commission set a
term of 34 months in custody for petitioner, with a presumptive
parole date of October 13, 2007.  The Commission found no reason
for departure from its guidelines.

Petitioner filed an administrative appeal.  On May 12, 2006,
the National Board of Appeals affirmed the Commission's decision.

The Ninth Circuit heard argument on petitioner's appeal from
the previous action in March 2006.  As of this date, the Ninth
Circuit has not issued a decision.

## STANDARDS

This court has limited jurisdiction to review the
Commission's decisions.  Benny v. U.S. Parole Comm'n, 295 F.3d
977, 981 (9th Cir. 2002).  The court should "determine whether
the Commission exceeded its statutory authority or acted so

arbitrarily as to violate due process." <u>Id.</u> (citing <u>Wallace v.
Christensen</u>, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (en banc)).
"Judgments 'involving a broad range of factors' that the
Commission takes into account in arriving at its decision are
committed to the Commission's discretion and are unreviewable
even for abuse of discretion." <u>Id</u>. at 982 (quoting <u>Wallace</u>, 802
F.2d at 1551).

**DISCUSSION**

Petitioner brings seven claims in his third amended
petition.

## I. Failure to Bring Claims as Soon as Practicable

Petitioner's first claim asserts that the United States
Parole Commission (Commission) violated petitioner's statutory
and due process rights by failing to issue a summons or warrant
as soon as practicable after the alleged violations.  Most of
petitioner's alleged violations occurred from 2000 to 2002, and
the arrest warrant was not issued until 2004.  Petitioner
contends that the delay between the alleged violations and the
revocation hearings prejudiced him.

The applicable regulation gives the Commission discretion in
deciding when to issue a summons or warrant:

> Any summons or warrant under this section shall
> be issued as soon as practicable after the alleged
> violation is reported to the Commission, except when
> delay is deemed necessary.  <u>Issuance of a summons or
> warrant may be withheld until the frequency or
> seriousness of violations, in the opinion of the</u>

> <u>Commission, requires such issuance.</u>  In the case of any
> parolee charged with a criminal offense and awaiting
> disposition of the charge, issuance of a summons or
> warrant may be withheld, a warrant may be issued and
> held in abeyance, or a warrant may be issued and a
> detainer may be placed.

28 C.F.R. § 2.44(b) (emphasis added).  Here, petitioner has not

presented evidence that the Commission abused its discretion in

issuing the warrant, or that the timing of the warrant prejudiced

him.  See <u>United States v. Riggans</u>, 746 F.2d 1379, 1380 (9th Cir.

1984) (rejecting due process claim based on nearly four-year

delay between issuance and execution of bench warrant for

probation violation).

## II.  Withholding Exculpatory Evidence

Petitioner's second claim asserts that his parole officer,

Ed Glover, committed perjury during the parole revocation hearing

on May 11, 2005, and that Glover and Commission employees

conspired to withhold exculpatory evidence from petitioner and

the Regional Commissioners.  Petitioner's claim against Glover

concerns the Assurance of Voluntary Compliance (AVC) that

petitioner entered into with the Oregon Department of Justice.

See Ans., Ex. G, at 4-10.  In the AVC, petitioner agreed to pay

restitution, plus interest, to nine persons who had attempted

unsuccessfully to purchase cars or avionics equipment from him in

2000.  Petitioner also agreed to an injunction against selling

cars or avionics equipment without prior approval by the

Department of Justice.

9 - ORDER

Petitioner asserts that during the May 2005 revocation hearing, Glover falsely claimed that "the only reason" petitioner signed the AVC was that petitioner "realized that if he had not [signed the AVC] then the chances that he would have been charged with criminal violations would surely have occurred." Third Amd. Pet. ¶ 4.52. Petitioner contends that Commission employees conspired with Glover "in an attempt to keep [petitioner] on their supervision rolls" to justify preventing the phase-out of the Commission by Congress. Id. ¶ 5.07.

Petitioner has failed to show that his due process rights were violated. Petitioner had the opportunity to challenge Glover's alleged testimony at two parole revocation hearings, as well as on administrative appeal. Petitioner was represented by counsel during the hearings. Petitioner's conspiracy allegation is pure speculation unsupported by any evidence.

In any event, petitioner was not prejudiced by Glover's alleged statement. The AVC is a document that speaks for itself. In opposing revocation, petitioner and his counsel were free to point out that the state had agreed not to further pursue fraud claims against petitioner.

## III. Parole Warrant Not Based on Probable Cause

Petitioner's third claim asserts that the Commission's parole warrant of November 17, 2004, was not based on probable cause and supported by oath or affirmation. Petitioner relies on

10 - ORDER

a decision addressing the standard for supervised release violation warrants, United States v. Vargas-Amaya, 389 F.3d 901, 907 (9th Cir. 2004). Vargas-Amaya held that a supervised release violation warrant based on unsworn allegations was invalid because it did not comply with Fourth Amendment standards.

Judge Redden rejected this argument in dismissing petitioner's previous habeas petition. Sherman v. Reilly, 364 F. Supp. 2d 1216, 1220 (D. Or. 2005) (distinguishing Vargas-Amaya and concluding that Fourth Amendment standards do not apply to parole violation warrants); see also Sorenson v. Daniels, 364 F. Supp. 2d 1220 (D. Or. 2005) (accord). I adopt Judge Redden's reasoning and dismiss this claim.

Petitioner cites Cunningham v. California, 127 S. Ct. 856 (2007). Cunningham concerned sentencing after a criminal conviction and has no bearing on the issues here.

## IV. Lack of Authority to Reopen Parole Revocation Hearing

Petitioner's fourth claim asserts that the Commission lacked authority to reopen the parole revocation hearing on December 7, 2005, to determine why a witness against petitioner did not appear at the May 11, 2005 revocation hearing.

I agree with respondents that the Commission did not reopen the parole revocation hearing, but rather continued the parole revocation hearing to conduct further investigation and to hear testimony from the alleged sexual assault victim. See 18 U.S.C.

11 - ORDER

§ 4214(a)(2) (repealed) (Commission may subpoena witnesses and
seek a court order requiring witnesses to appear at revocation
hearings).

Petitioner has not shown that he was prejudiced by the
seven-month continuance.  See Poynor v. U.S. Parole Comm'n, 878
F.2d 275, 277 (9th Cir. 1989).  Petitioner has not pointed to any
evidence that he was unable to present because of the delay, or
that his ability to contest the alleged parole violations was
otherwise impaired by the delay.  As it turned out, the
Commission did not rely on the sexual assault charge in its
decision to revoke petitioner's parole.

**V.  Delay of Revocation Hearing**

Petitioner's fifth claim asserts that the Commission
unreasonably continued the parole revocation hearing from June 2,
2005 until December 7, 2005, which prevented petitioner from
seeking administrative review promptly.

Petitioner was able to seek administrative review after the
December 2005 hearing.  He has not shown any prejudice caused by
the seven-month delay.  The Commission acted within its
discretion in deciding to continue the revocation hearing to
consider the sexual assault allegation against petitioner.

**VI.  Failure to Allege Fraudulent Intent**

Petitioner's sixth claim asserts that the Commission
improperly failed to allege fraudulent intent in the second

12 - ORDER

charge against him.  Petitioner asserts that he had no intent to defraud his customers.  He argues that the Commission cannot "criminalize conduct Congress has not."  Pet. ¶ 5.35.

Petitioner's claim is an attempt to apply the pleading and proof requirements of a criminal proceeding to a parole revocation hearing.  In parole revocation hearings, the standard of proof is by a preponderance of the evidence, not beyond a reasonable doubt, because "parole revocation proceedings are not part of the criminal process and are not protected by the full panoply of due process rights."  Standlee v. Rhay, 557 F.2d 1303, 1307 (9th Cir. 1977).  The regulations provide that if a parolee disputes information presented to the Commission at a parole revocation hearing, the Commission resolves "such dispute by a preponderance of the evidence standard; this is, the Parole Commission shall rely upon such information only to the extent that it represents the explanation of the facts that bests accords with reason and probability."  28 C.F.R. § 2.19(c).

Here, the hearing officer concluded that petitioner had committed fraud only after the hearing officer had considered the evidence presented by petitioner, and weighed that evidence against the parole officer's statements and the evidence of fraud.  I agree with respondents that under these circumstances, the Commission's conclusions are not subject to this court's review.  See Wallace, 802 F.2d at 1551.  Even assuming that this

13 - ORDER

court could review the finding that petitioner committed fraud, I would conclude that the Commission did not abuse its discretion in so finding.

**VII.  Failure to Prove Amount of Loss**

Petitioner's seventh claim alleges that the Commission improperly failed to plead or prove that the amount of loss on the second charge exceeded $40,000.  In parole revocation proceedings, the amount of loss determines the severity of the parole violation.  The hearings examiner decided to increase the amount of loss because the previous loss calculation had been based in part on the amount of restitution petitioner agreed to pay, rather than the total potential losses to which the victims were exposed.  <u>See</u> Ans., Ex. OO, at 2.  The hearing examiner decided that there was no need for an additional hearing on the amount of loss because petitioner denied committing any fraud at all.

> In a parole revocation hearing, due process requires:
> (a) written notice of the claimed violations of parole;
> (b) disclosure to the parolee of evidence against him;
> (c) opportunity to be heard in person; (d) with the
> right to confront witnesses; (e) before a neutral
> hearing body; and (f) a written statement listing the
> evidence and reasons for revoking parole.

<u>Morrissey v. Brewer</u>, 488 U.S. 471, 489 (1972).  Here, petitioner received all the process due.  He received copies of the evidence the Commission used in calculating the amount of the fraud losses.  Only the method of calculation, not the evidence, was

14 - ORDER

different.  Although the determination of the amount of loss was
made after the revocation hearing, petitioner was able to appeal
the determination administratively.  Petitioner did not request
that any of the alleged fraud victims appear at the hearing,
although he did request the presence of the alleged sexual
assault victim.  Petitioner's attorney was able to cross-examine
the parole officer on whether petitioner intended to commit fraud
or was plagued by bad luck and poor business decisions.  I
conclude that the recalculation of the amount of loss did not
violate petitioner's due process rights.

### CONCLUSION

Petitioner's third amended petition (#47) is dismissed.  All
pending motions are denied as moot, including motions nos. 65,
68, 69, 82, 86, 88, 90, 91, 92, 95, and 96.

DATED this ___ day of March, 2007.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

15 - ORDER